*149 |,ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from a motion and rule to revoke probation filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Gregory L. Thibodeaux, an attorney licensed to practice law in Louisiana, for his violation of additional Rules of Professional Conduct while on court-ordered probation imposed in In re: Thibodeaux, 04-0991 (La.5/21/04), 873 So.2d 652 (“Thibodeaux I”).
UNDERLYING FACTS AND PROCEDURAL HISTORY
The record in Thibodeaux I established that respondent neglected a legal matter and failed to communicate with a client. Prior to the filing of formal charges, respondent and the ODC submitted a joint petition for consent discipline, suggesting that respondent be suspended for one year, fully deferred, subject to his successful completion of a two-year period of probation with conditions. This court accepted the petition for consent discipline on May 21, 2004.
On December 2, 2005, the adjudicative committee of the disciplinary board appointed attorney William Stagg to serve as respondent’s probation monitor.[1] Mr. Stagg filed an executed probation plan with the ODC on January 30, 2006.
In August 2006, the ODC commenced an investigation into allegations that respondent had failed to timely pay a third-party medical provider. On February 22, |22007, respondent gave a sworn statement to the ODC, wherein he admitted to the commingling and conversion of client and third-party funds. Additionally, respondent admitted to issuing an “NSF” check to the third-party medical provider following the filing of the complaint.[2]
DISCIPLINARY PROCEEDINGS

Motion and Rule to Revoke Probation

On March 2, 2007, the ODC filed a motion and rule to revoke respondent’s pro *150 bation. The ODC premised its motion and rule on respondent’s admitted commingling and conversion of client and third-party funds. The ODC prayed for revocation of respondent’s probation and the imposition of the previously deferred one-year suspension.

Disciplinary Board Recommendation

A hearing was conducted before an adjudicative panel of the disciplinary board on March 29, 2007. Respondent appeared at the hearing and again admitted to the commingling and conversion of client and third-party funds. Respondent also stated that he had no objection to the revocation of his probation and imposition of an actual period of suspension.
After considering the evidence presented, the board concluded that respondent violated the Rules of Professional Conduct by commingling and converting client and 13third-party funds, which warrants the revocation of his probation. Accordingly, the board recommended that respondent’s probation be revoked and that he be suspended from the practice of law for one year.
DISCUSSION
Respondent has admitted that he commingled and converted client and third-party funds. These facts support the disciplinary board’s conclusion that the revocation of respondent’s probation and imposition of the deferred one-year suspension is warranted. Therefore, we will revoke respondent’s probation and make the previously deferred one-year suspension exec-utory.
In light of the continued need to monitor respondent’s practice, we further order that respondent’s reinstatement to the practice of law shall be subject to a two-year period of probation governed by the conditions as enumerated in Thibodeaux I. In the event respondent violates these conditions, the ODC shall file an immediate report in this court and may request that we place respondent on interim suspension, if appropriate.
DECREE
For the reasons assigned, respondent’s probation is revoked and the previously deferred one-year suspension imposed in In re: Thibodeaux, 04-0991 (La.5/21/04), 873 So.2d 652, is hereby made immediately executory. It is further ordered that upon his reinstatement to the practice of law, respondent shall be placed on probation for a period of two years, subject to the conditions set forth in this opinion. All costs and expenses in the matter are assessed against respondent, Gregory L. Thibodeaux, Louisiana Bar Roll number 18463, in accordance with Supreme Court Rule XIX, § |410.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Mr. Stagg was appointed as a replacement for respondent's first probation monitor, who advised the board that he was unable to continue as probation monitor due to time restraints.

. In August 2005, respondent settled his client's personal injury case for $15,000. After receiving the settlement check from the insurance company, respondent deposited the funds into his client trust account. However, he used the funds in the trust account to operate his law office, and so in January 2006, respondent paid his client his portion of the settlement ($8,169) with a check drawn on his operating account. Respondent did not issue a check to his client’s medical provider until September 2006, at which time there were insufficient funds in the operating account to cover the check. Thereafter, on November 16, 2006, respondent sent a certified check to the medical provider for $4,331, the full amount due, and agreed to pay any other charges associated with the matter.